UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IMG UNIVERSE, LLC,
                        Plaintiff,

-v-

DIAMONDS INTERNATIONAL
CORPORATION, A.S.,
                        Defendant.

17-CV-3673 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    This is a contract dispute concerning sponsorship of the Miss Universe pageant. The Defendant moves to dismiss the unjust enrichment claim, arguing that such a claim may not be asserted along with a contract claim. Because such claims may be alleged in the alternative, the motion is denied.

## I. Background

    Plaintiff IMG Universe, LLC, stages the Miss Universe pageant. Defendant Diamonds International, A.S., provided the crown worn by the pageant's winner, and paid sponsorship fees for that honor. But the contractual relationship soured, and this suit ensued. IMG alleges that Diamonds International stopped making payments yet continued to advertise itself as the jeweler for Miss Universe. The Complaint asserts claims for breach of contract, unjust enrichment, unfair competition, and trademark infringement.

    Diamonds International filed a partial motion to dismiss, arguing that, under New York law, one cannot pursue a quasi-contract claim—like unjust enrichment—where there is a valid contract between the parties. As support, it cites a line of cases stemming from *Clark-Fitzpatrick, Inc. v. Long Island Railroad Co.*, where the New York Court of Appeals held that "[t]he existence of a valid and enforceable written contract governing a particular subject matter

1

ordinarily precludes recovery in quasi contract for events arising out of the same subject matter."
70 N.Y.2d 382, 388 (1987).

**II.     Discussion**

Diamonds International's motion fails for two reasons. First, many courts in this district have held that even if New York law precludes a plaintiff from simultaneous *recovery* under both contract and quasi-contract theories, it does not forbid *pleading* both claims in the alternative. *See, e.g.*, *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 452 (S.D.N.Y. 2014) ("[E]ven though Plaintiffs may not ultimately *recover* under both the breach of contract and unjust enrichment claims, courts in this Circuit routinely allow plaintiffs to *plead* such claims in the alternative." (emphasis in original)).

Second, the New York restriction applies "only where 'the scope of the contract clearly covers the dispute between the parties.'" *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (Sotomayor, J.) (quoting *Clark–Fitzpatrick*, 70 N.Y.2d at 389) (alteration omitted). Thus, "courts generally dismiss claims for quantum meruit on the pleadings only when it is clear from the face of the complaint that there exists an express contract that clearly controls." *Knudsen v. Quebecor Printing (U.S.A.) Inc.*, 792 F. Supp. 234, 237 (S.D.N.Y. 1992).

Here, Diamonds International has not conceded that the contract between the parties is valid and governs the entire dispute. It is entirely likely that Diamonds International will argue that the contract was invalid or did not apply to parts of the fact pattern. "[B]ecause it is difficult to determine the validity or scope of the contract at the pleading stage, courts routinely reject arguments [against simultaneous quasi-contract claims] as premature." *Vertex Const. Corp. v. T.F.J. Fitness L.L.C.*, No. 10 Civ. 683, 2011 WL 5884209, at *4 (E.D.N.Y. Nov. 23, 2011); *cf. Anthem, Inc. v. Express Scripts, Inc.*, No. 16 Civ. 2048, 2017 WL 1134765, at *6 (S.D.N.Y. Mar.

2

23, 2017) (dismissing unjust enrichment claim where "both parties assert the [contract] is valid and enforceable and agree that the [disputed issue] is governed by the express terms of the [contract]").

**III.   Conclusion**

For the foregoing reasons, Diamonds International's motion to dismiss is DENIED. The Clerk of Court is directed to close the motion at Docket Number 9. The parties are directed to adhere to the deadlines set forth at the initial pretrial conference.

SO ORDERED.

Dated: October 23, 2017
        New York, New York

_____
J. PAUL OETKEN
United States District Judge