# Exhibit A

DocuSign Envelope ID: F491951E-7738-4BD9-9B5A-21FA93C15455

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement ("**Settlement**") is made and entered into by and between IMG Universe LLC, a Delaware limited-liability company ("**Miss Universe**"), and Diamonds International Corporation, a.s., of the Czech Republic ("**DIC**") (each a "**Party**" and collectively the "**Parties**").  This Settlement shall be effective as of the date by which both Parties have executed it (the "**Effective Date**").  This Settlement is premised upon, and hereby incorporates, the following recitals:

A.     The Parties were signatories to a Sponsorship Agreement dated July 24, 2014 ("**Agreement**").

B.     Disputes arose at various times between the Parties about their performance under the Agreement.

C.     On May 16, 2017, Miss Universe filed a complaint for payment and injunctive relief in the United States District Court for the Southern District of New York (the "**Court**"), No. 1:17-cv-3673-JPO (the "**Lawsuit**").  On November 1, 2017, DIC filed an Answer and Counterclaims.

D.     The Parties have reached a settlement of all claims ("Settlement") and desire to set forth all the terms and conditions of the settlement and to effect the release of all claims against each other related in any way to the Agreement and all their dealings of any kind up to the Effective Date, all as hereinafter set forth in this Settlement.


NOW, THEREFORE, in consideration of the matters set forth above, of the terms, covenants and promises in this Settlement, of the actions taken pursuant thereto, and of other

DocuSign Envelope ID: F491951F-7738-4BD9-9B5A-21FA93C15455

good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties mutually agree as follows:

1.      The above-stated Recitals and all the facts and circumstances referenced therein are incorporated and made a part of this Settlement.  The Parties acknowledge and stipulate that neither Party shall have any further rights or obligations toward each other after the Effective Date, other than the rights and obligations set forth in this Agreement.

2.      DIC shall, at its own risk and expense, send, or have a related entity send, to Miss Universe the goods identified in Exhibit A hereto (the "**Goods**"), delivered to Miss Universe, f.o.b. at the address given below in ¶ 12, with shipment to be sent by no later than December 29, 2017 (the "**Shipment**").  DIC will use its best efforts to make the shipment by December 28, 2017.  Shipment will be made by Swiss Air or other internationally recognized commercial courier.  DIC will provide Miss Universe with a scan of the airfreight documentation or other documentation to evidence that the Shipment was made by December 28 or 29, 2017.  DIC will pay to have the Shipment made on an as fast as possible basis, overnight if possible.  The Shipment will be insured by DIC.  All title and ownership in the Goods shall be transferred to Miss Universe at delivery.  The parties agree that time is of the essence for delivery of the Shipment, and that if it is not received in timely fashion Miss Universe shall have the option to cancel this Settlement and the releases and promises contained therein.

3.      DIC represents and warrants that the Goods are of merchantable quality as represented in Exhibit A hereto; that the descriptions given in Exhibit A are accurate under industry standards for goods of the kind; and that the values of the Goods given in Exhibit A are reasonable estimates of their wholesale value.  DIC further represents and warrants that as of the Effective Date it or a related company holds full and transferable title and interest in the Goods, which is

hereby being transferred to Miss Universe.  DIC also represents that the Goods are not subject to any security interest or prior claim of any creditor or third party under any applicable law.

4.      Miss Universe, on behalf of itself and all of its affiliated, related, parent and subsidiary companies and all of its respective present and former employees, officers, directors, shareholders, partners, servants, agents, representatives, affiliates, contractors, attorneys, successors-in-interest, and predecessors-in-interest ("**Miss Universe Affiliates**"), shall and hereby does release and forever discharge DIC and all of its affiliated, related, parent and subsidiary companies and all of its respective present and former members, employees, officers, directors, partners, servants, agents, representatives, affiliates, contractors, attorneys, successors-in-interest, and predecessors-in-interest ("**DIC Affiliates**") from any and all claims and demands, actions or causes of action, known or unknown, asserted or not, on account of, arising out of, or in any way connected with any and all matters, losses, or damages of any kind relating to the Agreement, the Lawsuit or the relationship between the Parties as of the Effective Date (the "**Released Claims**").

5.      DIC, on behalf of itself and all the DIC Affiliates, shall and hereby does release and forever discharge Miss Universe, all the Miss Universe Affiliates, and Miss Universe L.P., LLLP, from any and all claims and demands, actions or causes of action, known or unknown, asserted or not, on account of, arising out of, or in any way connected with any and all matters, losses, or damages of any kind relating to the Agreement, the Lawsuit or the relationship between the Parties as of the Effective Date.

6.      Each Party agrees, on behalf of itself and on behalf of its Affiliates, not to sue, commence, voluntarily aid in any way, prosecute or cause to be commenced or prosecuted against the other party or its Affiliates any action, suit or other proceeding concerning the

DocuSign Envelope ID: F491951F-7738-4BD9-9B5A-21FA93C15455

Released Claims.

7.      The Parties understand and expressly agree that the releases in Paragraphs 5 and 6 extend to all claims of every nature and kind, known or unknown, suspected or unsuspected, past, present, or future, arising from or attributable to any conduct of the other party occurring before the Effective Date.

8.      Notwithstanding the foregoing, the releases and promises in Paragraphs 5 through 7 above do not release the parties' respective obligations under this Settlement itself.

9.      On a date no more than one week from the Effective Date, DIC will provide to Miss Universe an appropriately signed copy of the dismissal motion attached hereto as Exhibit B (the "Dismissal Motion"), in order to dismiss with prejudice of all its counterclaims in the Lawsuit. Within three (3) days of receipt of a fully executed Dismissal Motion, IMG Universe will file the document in order to dismiss with prejudice all claims in the Lawsuit.  The Parties agree that they will request that the Court will retain jurisdiction over the matter and the parties to enforce the terms of this Settlement, and that a copy of this Settlement (redacting the detailed descriptions of the Goods and the address for the Shipment) shall be filed, pursuant to Judge Oetken's standing order 3(I), as an exhibit to the Dismissal Motion, for the Court to endorse prior to dismissal.

10.     The Parties agree to the provisions of this Agreement knowingly and voluntarily, and acknowledge that they have had the assistance of counsel in considering this Agreement.   Each Party represents and warrants that (a) it has not transferred or assigned any claim or cause of action which relates to, or is encompassed within the matters covered by this Agreement and/or which would violate or otherwise impair the full enforcement of this Agreement and (b) it has not filed or initiated any claim or cause of action which relates to, or is encompassed within the

matters covered by this Agreement.

11.     DIC represents and warrants that the Shipment will be made in compliance with all applicable laws, and that nothing in either party's performance as described in this Agreement shall constitute a violation of any applicable law.  With respect to the Shipment and the Goods, DIC shall indemnify, defend, and hold harmless Miss Universe, its members and affiliates, and their respective officers, directors, managers, members, partners, owners, employees, licensees, successors, and assigns from and against all losses arising out of (a) any misrepresentation by DIC under this Settlement (including losses arising from third-party claims of misrepresentation resulting from Miss Universe's reliance on DIC's warranties and representations); or (b) any violation of any applicable law by DIC or its affiliates.

12.     The Shipment shall be delivered to the following address:

IMG Universe LLC



13.     Each of the covenants contained in this Settlement shall be binding upon and shall inure to the benefit of each of the respective Parties' assigns and successors-in-interest.

14.     Each Party shall bear its own costs, including attorney's fees, in connection with this Settlement, the preparation hereof, and all matters the subject of this Settlement.

15.     Each Party represents and warrants that it has full authority to enter into this Settlement and that the person executing this Settlement Agreement in a representative capacity on behalf of the Party is empowered and authorized to do so and to bind such Party to this Settlement Agreement.

16.     This Settlement shall be governed by and construed in accordance with the laws of the State of New York applicable to agreements made and to be performed entirely in New York and

without regard to the conflicts of laws principles thereof.  The Parties consent to the exclusive jurisdiction of the state and federal courts in New York, New York, and to service of process by mail; and agree that venue before Judge J. Paul Oetken or (in the event of his unavailability) another judge assigned by United States District Court for the Southern District of New York is proper for the resolution of any disputes arising under this Settlement.

17.     This Settlement represents the entire agreement between the Parties with respect to this matter, and it supersedes all prior negotiations, representations, or agreements, whether written or oral, between the Parties.

18.     This Settlement may be executed in multiple counterparts, each of which shall be an original, but all of which together shall constitute one and the same instrument.  Faxed or emailed signature pages shall have the same legal impact and import as the original.

**[signature page follows**]

DocuSign Envelope ID: F491951F-7738-4BD9-9BFA-21FA93C15455

IMG UNIVERSE, LLC

By: _____

Printed: _____Jonathan Seiden_____

Title: _____Vice President_____

Date: _____12/27/2017_____


DIAMONDS INTERNATIONAL CORPORATION, a.s.

By: _____

Printed: _____LUBOS RIHA_____

Title: _____PRESIDENT_____

Date: _____12/27/2017_____

- 7 -

**Exhibit A**
**Goods**

| Code | | Wholesale Value |
|------|--|-----------------|
| | | 957.00 USD |
| | | 839.00 USD |
| | | 755.00 USD |
| | | 851.00 USD |
| | | 809.00 USD |
| | | 830.00 USD |
| | | 826.00 USD |
| | | 815.00 USD |
| | | 920.00 USD |
| | | 1,066.00 USD |
| | | 818.00 USD |
| | | 869.00 USD |
| | | 1,077.00 USD |
| | | 864.00 USD |
| | | 957.00 USD |
| | | 1,032.00 USD |
| | | 1,091.00 USD |
| | | 1,104.00 USD |
| | | 1,046.00 USD |
| | | 981.00 USD |
| | | 990.00USD |
| | | 978.00 USD |
| | | 981.00 USD |
| | | 806.40 USD |
| | | 997.20 USD |
| | | 927.00 USD |
| | | 1,827.00 USD |
| | | 1,817.20 USD |
| | | 1,031.40 USD |
| | | 1,782.00 USD |
| | | 1,766.60 USD |
| | | 968.00 USD |
| | | 1,760.00 USD |
| | | 990.00 USD |
| | | 1,745.10 USD |
| | | 807.00 USD |
| | | 1,716.00 USD |
| | | 1,715.70 USD |
| | | 1,694.00 USD |
| | | 1,684.20 USD |
| | | 1,674.20 USD |
| | | 1,672.00 USD |
| | | 1,659.00 USD |

| | |
|---|---|
| | 1,656.00 USD |
| | 1,652.70 USD |
| | 1,650.00 USD |
| | 1,649.20 USD |
| | 1,645.60 USD |
| | 1,638.00 USD |
| | 1,620.70 USD |
| | 1,584.00 USD |
| | 1,562.40 USD |
| | 1,548.80 USD |
| | 1,542.80 USD |
| | 1,540.00 USD |
| | 1,540.00 USD |
| | 1,530.90 USD |
| | 1,525.70 USD |
| | 1,477.80 USD |
| | 1,476.30 USD |
| | 1,470.00 USD |
| | 1,470.00 USD |
| | 1,463.00 USD |
| | 1,453.50 USD |
| | 1,441.80 USD |
| | 1,419.30 USD |
| | 1,341.00 USD |
| | 1,335.70 USD |
| | 1,297.80 USD |
| | 1,196.00 USD |
| | 1,182.00 USD |
| | 1,172.00 USD |
| | 1,168.00 USD |
| | 1,136.20 USD |
| | 1,134.30 USD |
| | 1,134.30 USD |
| | 927.00 USD |
| | 926.50 USD |

**Exhibit B**
**Joint Motion for Voluntary Dismissal with Conditions**

[following page]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                            :
IMG UNIVERSE, LLC                           :
                                            :   Civil Action No. 1:17-cv-3673
                                            :
                        Plaintiff,          :
                                            :
                                            :
        v.                                  :
                                            :   JUDGE J. PAUL OETKEN
                                            :
DIAMONDS INTERNATIONAL                      :
CORPORATION, A.S.                           :
                                            :   **JOINT MOTION FOR DISMISSAL**
                                            :   **WITH CONDITIONS**
                        Defendant.          :
                                            :
                                            :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pursuant to Fed. R. Civ. Proc. 41(a)(2), in accordance with a settlement they have reached, the parties to this action hereby respectfully request that the Court dismiss all claims in the Complaint (Doc. 1) and all claims in the Counterclaim (Doc. 25), with prejudice. Each party has agreed to bear its own costs and fees associated with the proceeding.

The parties respectfully request that the Court enter dismissal while retaining jurisdiction over the parties to enforce the terms of the parties' Settlement Agreement, which is attached hereto (pursuant to the Court's standing order 3(I)) as Exhibit A.

Subject to the Court's continuing jurisdiction to enforce the attached Settlement Agreement, Plaintiff IMG Universe respectfully requests that the case be closed.


Dated this _____ day of January, 2018.

**BENESCH, FRIEDLANDER,
    COPLAN & ARONOFF LLP**

*/s/ Daniel Meier*
DANIEL MEIER (DM-0328)
39 Broadway, 25th Floor
New York, NY  10006-3039
Telephone:  (646) 798-8901
Facsimile:  (646) 798-8902
dmeier@beneschlaw.com

JAMES E. VON DER HEYDT (*pro hac vice*)
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone:  216.363.4500
Facsimile:  216.363.4588
jvonderheydt@beneschlaw.com

**DIAMONDS INTERNATIONAL
    CORPORATION, A.S.*, pro se***

By:  _____

## CERTIFICATE OF SERVICE

I hereby certify that on January ___, 2018, a copy of the foregoing Joint Motion for Dismissal was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.  In addition, I also certify that a copy of the foregoing document is being served upon the following by U.S. First Class mail, on this ___ day of January, 2018:

Diamonds International Corporation
Siroka 15
110 00 Prague 1
Czech Republic


_s/ Daniel Meier_
One of the Attorneys for Plaintiff IMG
Universe, LLC

**[Exhibit A – Settlement Agreement]**